■ MOORING CAPITAL FUND, LLC, Appellant, v BRONX MIRACLE GOSPEL TABERNACLE, INC., Respondent, et al., Defendants. [990 NYS2d 508]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered May 23, 2012, which granted defendant Bronx Miracle Gospel Tabernacle, Inc.'s motion to vacate a judgment of foreclosure and set aside the foreclosure sale, unanimously reversed, on the law, without costs, and the motion denied.

On or about May 21, 2008, plaintiff Mooring Capital Fund, LLC commenced a foreclosure action against defendant Bronx Miracle following a mortgage payment default and nonpayment of taxes and insurance on the subject property; a foreclosure sale of the property occurred on October 18, 2010.

Bronx Miracle has since moved four times, by order to show cause, to vacate the judgment of foreclosure, for a stay, or otherwise to unwind the sale. The first three of these motions were denied or withdrawn. After the third motion was denied, Mooring commenced a holdover eviction proceeding. A trial was held, and on October 3, 2011, the court (Donald A. Miles, J.), entered a judgment of possession in favor of Mooring, ordering a warrant of eviction to issue forthwith.

In the order on appeal, Bronx Miracle's fourth motion was granted. Citing CPLR 2003, the motion court (Aarons, J.), reasoned that a discrepancy between the foreclosure Referee's testimony that the property was sold on October 18, 2010 and the Memorandum of Sale on which the date of July 15, 2010 is typewritten was sufficient to set aside the sale, pursuant to the court's equitable powers to prevent fraud, collusion, mistake or misconduct.

We reverse, and deny the motion. CPLR 2003 provides as follows: "At any time within one year after a sale made pursuant to a judgment or order, but not thereafter, the court, upon such terms as may be just, may set the sale aside for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect."

Bronx Miracle's motion was made outside the one-year statutory time limit. Even if it had been timely, we would deny it. The typographical error in the Memorandum of Sale, which was executed following the sale, appears to have been a scrivener's error and does not constitute the kind of irregularity contemplated by CPLR 2003. In addition, Bronx Miracle's claimed prejudice resulting from the unconscionably low sale price is unrelated to the scrivener's error, and the alleged inadequacy of the sale price alone "does not furnish sufficient grounds for vacating a sale" (*Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]). Concur—Gonzalez, P.J., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.